IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HILDA L. SOLIS, <br> Secretary of Labor, <br> United States Department of Labor, <br> 200 Constitution Avenue, N.W. <br> Washington, DC 20210, <br><br>         Plaintiff, <br><br>       v. <br><br> LOCAL 9477, UNITED STEELWORKERS OF <br> AMERICA, <br> 540 Dundalk Avenue <br> Baltimore, Maryland 21224 <br> County of Baltimore, <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Hilda L. Solis, Secretary of Labor, by the undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring void the April 20, 2009 election of union officers conducted by Local 9477, United Steelworkers of America (Defendant) for the offices of President, Vice President, Financial Secretary, Treasurer, Outside Guard, Inside Guard, 1st Trustee, 2nd Trustee, and Grievance Committee Member for Zone 1, Zone 3, Zone 6, and Zone 7 and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Baltimore, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. Defendant, purporting to act pursuant to the United Steelworkers of America's Constitution (International Constitution), conducted an election of officers on April 20, 2009, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

Protest of Complainant Joseph McDermott

8. By letter read at the May 18, 2009 membership meeting, the complainant, Joseph McDermott, a member in good standing of Defendant, protested the April 20, 2009 election.

9. On May 18, 2009, the Defendant's membership denied the protest.

10. By letter dated May 22, 2009, McDermott appealed the Defendant's decision to the International's Secretary-Treasurer.

11. Having invoked the remedies available for three calendar months without receiving a final decision after invocation, the complainant filed a timely complaint with the Secretary of Labor, received on August 25, 2009, within the one calendar month as required under section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

Protest of Complainant James Blankenship

12. By letter dated and read at the May 18, 2009 membership meeting, the complainant, James Blankenship, a member in good standing of Defendant, protested the April 20, 2009 election.

13. On May 18, 2009, the Defendant's membership denied the protest.

14. By letter dated May 25, 2009, Blankenship appealed the Defendant's decision to the International's Secretary-Treasurer.

15. Having invoked the remedies available for three calendar months without receiving a final decision after invocation, the complainant filed a timely complaint with the Secretary of Labor on August 25, 2009, within the one calendar month required by section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

16. Through a series of waivers, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to December 18, 2009.

17. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaints and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act

3

(29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's April 20, 2009 election; and (2) that such violations had not been remedied at the time of the institution of this action.

<u>CAUSE OF ACTION</u>

18.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by denying James Matthew, Sr., a member in good standing and eligible to vote for Zone 6 Grievance Committee member, the right to vote for Zone 6 Grievance Committee member, when Matthew, Sr. pressed the electronic voting ballot for Zone 6 Grievance Committee member of his choice but that vote did not register.

19.  Defendant violated section 401(c) of the Act, 29 U.S.C. § 481(c), during the conduct of the aforesaid election by failing to provide adequate safeguards to ensure a fair election when it provided James Matthew, Sr. with the wrong color voting card showing a zone affiliation other than his correct zone, and by failing to place Matthew, Sr. on Local 9477's eligibility list and instead, placing him on a list of members ineligible to vote for the Zone 6 Grievance Committee member.

20.  Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the aforesaid election in that employer equipment, namely the employer's fax machines, copiers, and email system, was used to distribute campaign literature and to campaign for the incumbent slate.

21.  The violations of sections 401(c), 401(e), and 401(g) of the Act (29 U.S.C. §§ 481(c), 481(e), 481(g)) may have affected the outcome of the Defendant's election for the offices of President, Vice President, Financial Secretary, Treasurer, Outside Guard, Inside Guard, 1st Trustee, 2nd Trustees, and Grievance Committee Members for Zone 1, Zone 3, Zone 6, and Zone 7.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of President, Vice President, Financial Secretary, Treasurer, Outside Guard, Inside Guard, 1st Trustee, 2nd Trustee, and Grievance Committee Members for Zone 1, Zone 3, Zone 6, and Zone 7 to be void;

(b)  directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

TONY WEST
Assistant Attorney General

ROD J. ROSENSTEIN
United States Attorney

By: _____
ALEX S. GORDON
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
ph (410) 209-4800
fx (410) 962-9947
Alex.Gordon@usdoj.gov

OF COUNSEL:

DEBORAH GREENFIELD
Acting Deputy Solicitor

KATHERINE E. BISSELL
Associate Solicitor

CATHERINE OLIVER MURPHY
Regional Solicitor

CLINTON WOLCOTT
Counsel for Legal Advice

SHIREEN M. MCQUADE
Attorney

U.S. Department of Labor

Certificate of Service

I certify that on December 17, 2009, I caused a copy of the foregoing Complaint to be sent

first-class, postage pre-paid, to:

John Cirri
President, Local 9477, United Steelworkers of America
540 Dundalk Avenue
Baltimore, MD 21224

Mel Stein, Esq.
Associate General Counsel
United Steelworkers of America
Five Gateway Center
Pittsburgh, Pennsylvania 15222

Alex S. Gordon
Assistant United States Attorney